1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JOHNNY A. SANGLANG,                    No.  2:14-cv-00701 MCE AC P

11                  Petitioner,

12        v.                                FINDINGS & RECOMMENDATIONS

13   MONTGOMERY,

14                  Respondents.

15

16          Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for

17   a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF. No. 1.  Pending before the court is

18   respondent's motion to dismiss.  ECF. No. 10.  Petitioner opposes the motion.  ECF. No. 12.  No

19   reply was filed.

20          **Petition**

21          In his habeas petition, petitioner challenges the imposition of a $10,000 restitution fine as

22   part of a judgment entered against him in the Sacramento County Superior Court.  ECF. No. 1 at

23   2, 6.  Petitioner claims that the sentencing court erred in imposing the restitution fine because it

24   failed to take into account his ability to pay and was excessive in light of the seriousness of the

25   offense.  ECF. No. 1 at 13-19.  Accordingly, petitioner seeks a modification of the restitution fine

26   imposed in his state court case from $10,000 to $200.

27          **Motion to Dismiss**

28          Respondent moves for dismissal of the petition, contending that petitioner's federal

1

1   habeas petition challenging his restitution fine is not cognizable on habeas.  ECF. No. 10 at 2-3.

2   **Discussion**

3   Petitioner challenges only the restitution fine aspect of his state court sentence.  ECF. No.

4   1.  The Ninth Circuit has "repeatedly recognized that the imposition of a fine, by itself, is not

5   sufficient to meet § 2254's jurisdictional requirements."  Bailey v. Hill, 599 F.3d 976, 979 (9th

6   Cir. 2010) (citations omitted).  Petitioner does not challenge the legality or conditions of his

7   custody.  "That [petitioner] is in physical custody while attacking the restitution order is

8   insufficient to confer jurisdiction over his habeas petition."  Id. at 981.  The federal habeas statute

9   "does not confer jurisdiction over a habeas corpus petition raising an in-custody challenge to a

10  restitution order."  Id. at 984.  The court therefore finds that it lacks jurisdiction to consider the

11  pending federal habeas petition and recommends that the respondent's motion to dismiss be

12  granted.

13  **Certificate of Appealability**

14  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must

15  issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A

16  certificate of appealability may issue only "if the applicant has made a substantial showing of the

17  denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth in these

18  findings and recommendations, a substantial showing of the denial of a constitutional right has

19  not been made in this case.  Therefore, no certificate of appealability should issue.

20  Accordingly, IT IS HEREBY RECOMMENDED that:

21  1.  Petitioner's application for a writ of habeas corpus be denied.

22  2.  This court decline to issue the certificate of appealability referenced in 28 U.S.C. §

23  2253.

24  These findings and recommendations are submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

26  after being served with these findings and recommendations, any party may file written

27  objections with the court and serve a copy on all parties.  Such a document should be captioned

28  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

2

1  objections shall be filed and served within fourteen days after service of the objections.  The

2  parties are advised that failure to file objections within the specified time may waive the right to

3  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4  DATED: February 12, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3